[Cite as *State v. Hardy*, 2018-Ohio-5073.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| -vs- | : | **CASE NO. 2018-P-0078** |
| EDWARD G. HARDY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 95 CR 00209.

Judgment: Appeal dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Edward G. Hardy,* PID# A321-360, Chillicothe Correctional Institution, P.O. Box 5500, 15802 State Route North 104, Chillicothe, OH 45601 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant filed a pro se Notice of Appeal on October 9, 2018, from a June 1, 2018 entry of the Portage County Court of Common Pleas denying his motion to vacate a void judgment and set aside the sentence.

{¶2} A timely notice of appeal from that entry was due no later than July 2, 2018, which was not a holiday or a weekend. Thus, the appeal was untimely filed by almost three months.

{¶3} App.R. 4(A)(1) states in relevant part:

{¶4} "* * * [a] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶5} App.R. 5(A) states in relevant part:

{¶6} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶7} "(a) Criminal proceedings;

{¶8} "(b) Delinquency proceedings; and

{¶9} "(c) Serious youthful offender proceedings.

{¶10} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * *."

{¶11} In the present case, appellant has neither complied with the thirty-day rule set forth in App.R. 4(A)(1) nor sought leave to appeal under App.R. 5(A). Thus, this court is without jurisdiction to consider this appeal. Appellant has a remedy to file an untimely appeal from a criminal judgment under App.R. 5(A).

{¶12} Based on the foregoing, this appeal is hereby sua sponte dismissed as being untimely.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.